OPINION OF THE COURT
Memorandum.
The judgment insofar as appealed from and order of the Appellate Division insofar as brought up for review should be reversed, with costs, and the order of Supreme Court, Kings County, insofar as it denied both parties summary judgment on the first cause of action reinstated.
In this action to recover damages for personal injuries sustained when defendants’ car backed into plaintiff’s parked car, defendants sought summary judgment on the ground that there was no “serious injury” within the meaning of Insurance Law § 671 (4) (now § 5102 [d]). Plaintiff offered the affidavit of his *1019 treating physician stating that, based on the doctor’s examination and treatment of plaintiff over the course of one year, his medical opinion was that plaintiff continued to suffer from “[t]rauma to the left side of the skull, with contusions, pain, cerebral concussion and post-concussion, cepahlgia and vertigo; [c]ervical derangement with sprain, strain, severe spasms and torticollis, with painful and significantly limited rotation to the right or left of only 10 deg. with pain radiating into the left shoulder and left arm, along the ulnar nerve due to nerve irritation and damage, and causing hypesthesias, paresthesias and ‘pins and needles’ in the 4th and 5th fingers of the left hand with weakened grasp of the left hand; and [pjaravertebral muscle spasms with pain”; that all of the foregoing injuries were produced by the automobile accident; that based on the existence of the injuries and their sequellae for more than one and a half years, the injuries were permanently disabling; that plaintiff’s neck, back and left hand were permanently injured and would have a permanent limitation of motion, and thus fit the definition of serious injury under Insurance Law § 671 (4) (now § 5102 [d]) as an injury resulting in a permanent consequential limitation of use of a body organ or member, or a significant limitation of use of a body function or system. Attached to this affidavit were the doctor’s medical report, including diagnosis, dates and descriptions of eight months of treatment, and the prognosis “guarded permanent disability with restriction of motion.” Defendants, in opposition to plaintiff’s motion for partial summary judgment and in support of their own cross motion for summary judgment, submitted reports by two other doctors disputing the conclusions of plaintiff’s doctor as to the extent of the injuries and disabilities.
Special Term denied summary judgment to both parties, finding that the conflicting medical opinions presented triable issues, but the Appellate Division reversed, holding that “the conclusory allegations contained in the affidavit of plaintiff’s physician as to the permanency of plaintiff’s injuries are, without more, insufficient as a matter of law to establish a prima facie case of ‘serious injury’ ”. (97 AD2d, at p 788.)
We agree with the Appellate Division that mere repetition of the word “permanent” in the affidavit of a treating physician is insufficient to establish “serious injury,” and that summary judgment should be granted for defendant where the plaintiff’s evidence is limited to conclusory assertions tailored to meet statutory requirements. While in general summary judgment can neither be awarded nor defeated on the basis of conclusory *1020 assertions (see, Winegrad v New York Univ. Med. Center, 64 NY2d 851, 853), the insufficiency of conclusory assertions of “serious injury” is underscored in cases under the No-Fault Law, where “the purpose of enacting an objective verbal definition of serious injury was to ‘significantly reduce the number of automobile personal injury accident cases litigated in the courts, and thereby help contain the no-fault premium.’ ” (Licari v Elliott, 57 NY2d 230, 236.)
Here the affidavit of plaintiff’s treating physician, in addition to assertions of “permanent” injury found insufficient by the Appellate Division, purports to describe another of the eight specific categories which may constitute serious injury: a “significant limitation of use of a body function or system”. (Insurance Law § 5102 [d].) Where the treating physician, in an affidavit supported by exhibits, has set forth the injuries and course of treatment, identified a limitation of movement of the neck of only 10 degrees to the right or left, and on that predicate expressed the opinion that there was a significant limitation of use of a described body function or system, such evidence was sufficient for the denial of summary judgment to defendants. The medical reports and deposition testimony submitted by defendants at best gave rise to questions of credibility, precluding summary judgment for plaintiff.
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye, Alexander and Titone concur in memorandum.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), judgment insofar as appealed from and order of the Appellate Division insofar as brought up for review reversed, etc.